## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

NATASHA HUNT,

               Plaintiffs,               Case No.

v.

COMENITY BANK,

               Defendant.

## NOTICE OF REMOVAL

Defendant, Comenity Bank ("Defendant"), hereby gives notice of removal of this action from the State of Michigan Third Judicial Circuit Court to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support thereof, Defendant states:

1.      On or about October 12, 2016, Plaintiff Natasha Hunt ("Plaintiff") filed the above captioned civil action in the State of Michigan's Third Judicial Circuit Court.

2.      Defendant was served with the Complaint less than 30 days ago. Accordingly, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b).

3.      This matter is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be properly removed

pursuant to 28 U.S.C. §§ 1441 and 1446, as the claims asserted in the Complaint arise under the laws of the United States and raise one or more federal questions.

4.      Plaintiff's complaint purports to assert violations of the Telephone Consumer Protection Act ("TCPA"), 47. U.S.C. § 227 *et seq.*

5.      The district courts of the United States have original jurisdiction in civil actions arising under the TCPA.

7.      Defendant removes this action to the United States District Court for the Eastern District of Michigan because it is the venue that encompasses Detroit, Michigan. Defendant removes this action without prejudice to Defendant's right to seek transfer of this action pursuant to 28 U.S.C. § 1404, if and as appropriate.

8.      True and correct copies of the following are attached to this Notice of Removal:

> (a) all process, pleadings and orders which have been served upon Defendant in this action are contained in this filing in accordance with 28 U.S.C. § 1446(a) and this Court's ECF guidelines; and
>
> (b) the Notice of Filing of Notice of Removal which has been served upon Plaintiff and filed with the Clerk of Court for the Third Judicial Circuit Court of Michigan is attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(d).

9.      Based upon the foregoing, this action is properly removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

WHEREFORE, Defendant Comenity Bank, requests that this action proceed in the United States District Court for the Eastern District of Michigan.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**
2723 S. State St., Ste. 150
Ann Arbor, MI  48104
Tel: (734) 222-5179
Fax: (866) 941-8712
Dated: November 4, 2016          colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby certify that on November 4, 2016, a copy of the foregoing Notice of Removal was served upon the following parties as follows:

via U.S. First Class Mail
State of Michigan
Third Judicial Circuit – Civil Clerk
2 Woodward Ave.
Detroit, MI 48226

via U.S. First Class Mail
David Ross Ienna
Fairmax Law, PLLC
23400 Michigan Ave., Ste. 110
Dearborn, MI 48124

/s/ Charity A. Olson
Charity A. Olson

# COMPLAINT

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO.<br>16-013035-CZ<br>Hon. Daniel A. Hathaway |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-2365

| Plaintiff<br><br>Hunt, Natasha | v | Defendant<br><br>Comenity Bank |
|---|---|---|
| **Plaintiff's Attorney**<br><br>David Ross Ienna, P-77170<br>23400 Michigan Ave Ste 110<br>Dearborn, MI 48124-1915 | | **Defendant's Attorney** |

## SUMMONS NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>10/12/2016 | This summons expires<br>1/11/2017 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

## COMPLAINT *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☒ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

## VENUE

| Plaintiff(s) residence (include city, township, or village)<br>Detroit, MI | Defendant(s) residence (include city, township, or village)<br>Wilmington, DE |
|---|---|
| Place where action arose or business conducted<br>Detroit, MI | |

10/12/2016
Date

Signature of attorney/plaintiff          P77170



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

db

## STATE OF MICHIGAN
## IN THE 3rd CIRCUIT COURT FOR THE COUNTY OF WAYNE

NATASHA HUNT,
An Individual,

              Plaintiff,

-v-

COMENITY BANK,
a Delaware Corporation,

              Defendant.

Case No.: 16 -        -CZ
Honorable

16-013035-CZ

FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/12/2016 2:50:11 PM
CATHY M. GARRETT

FAIRMAX LAW, PLLC
Michael Jaafar (P69782)
David Ienna (P77170)
Attorneys for Plaintiff
23400 Michigan Avenue, Suite 110A
Dearborn, MI 48124
(888) 324-7629

## COMPLAINT

There is no other pending or resolved civil action arising out of
the same transaction or occurrence alleged in this Complaint.

NOW COMES, Plaintiff, NATASHA HUNT, by and through her attorneys, FAIRMAX

LAW, PLLC, and for her Complaint against Defendant, COMENITY BANK, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Natasha Hunt (hereinafter "Plaintiff"), is an individual residing in the city of

   Detroit, County of Wayne, State of Michigan.

2. Upon information and belief, Defendant, Comenity Bank (hereinafter "Defendant"), is a

   Delaware Corporation with its headquarters located at One Righter Parkway, Suite 100,

   Wilmington, Delaware 19803.

3. This Complaint is brought for violations of the Telephone Consumer Protection Act, 47

   U.S.C. § 227 *et seq.*

4. Jurisdiction in this court is proper under 47 U.S.C. § 227(c)(5).

1

5. The amount in controversy exceeds $25,000.00

6. Venue is proper as the Defendant transacts business here and the conduct complained of occurred here.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates all previous allegations by reference as if fully restated herein.

8. Plaintiff maintains a cellular telephone, 313-285-6004, through a single carrier.

9. The service for Plaintiff's cellular phone is via a "cellular telephone services" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

10. On or about April, 2016, Defendant launched a collection campaign against Plaintiff, calling her on her cellular phone to collect an alleged debt(s).

11. Plaintiff never gave her consent to Defendant to call her cell phone.

12. Defendant called the Plaintiff on almost a daily basis, sometimes multiple times per day, from at least six (6) different telephone numbers: 313-255-5349, 720-456-3687, 614-212-5291, 614-754-4058, 614-729-9036, and 614-754-4135.

13. When the Defendant answered the Plaintiff's calls, there was a distinct pause of "dead air", before a human introduced themselves or a robotic recording began.

14. Had the Defendant manually dialed the telephone calls at issue, Plaintiff would not have been greeted by "dead air" on several occasions or a robotic message.

15. Plaintiff also received voicemails with robotic messages from the Defendant.

16. On or about May 1, 2016, Defendant called Plaintiff's cellular phone, at which time the Plaintiff informed the Defendant that this call was to her cell phone and demanding Defendant no longer call that number, thereby revoking consent if consent was ever alleged to have been given.

2

17. Only days later, Defendant recommenced their campaign of calls to Plaintiff's cellular phone, calling her at least an additional thirty (30) times after she revoked consent.

18. The aforementioned period of "dead air" and robotic recordings and voicemails, indicate the Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to Plaintiff on his cellular phone.

19. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

20. The calls from Defendant have caused numerous interruptions and disruptions of Plaintiff's work, social engagements, and recreation.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates all previous allegations by reference as if fully restated herein.

22. Defendant made unsolicited telephone calls to the wireless number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random sequential number generator, as evidence by the "dead air" and robotic recordings and voicemails.

23. These phone calls were made without the Plaintiff's prior express consent and after the Plaintiff's revocation of consent if alleged to have been given.

24. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system is in violation of 47 U.S.C. § 227(b)(1)(A).

25. Defendant has negligently violated the TCPA, 47 U.S.C. § 227 et seq., in relation to Plaintiff.

26. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of $500 for each and every call in violation of the statute.

3

27. Alternatively, Defendant has knowingly or willfully violated the TCPA in relation to Plaintiff.

28. As a result of Defendant's willful violations of the TCPA, Plaintiff may recovery statutory damages of up to $1,500 per call in violation of the statute.

WHEREFORE, Plaintiff, NATASHA HUNT, respectfully requests that this Honorable Court enter a judgment against the Defendant, COMENITY BANK for the following:

A.  Damages pursuant to the TCPA; and

B.  Such other relief as this Honorable Court deems just and proper.


### VERIFICATION OF PLAINTIFF

I, Natasha Hunt, have read and have personal knowledge as to all facts stated in the Complaint. I believe that these statements are a full and accurate depiction of the facts and would be willing to testify to the same under oath in open court if called upon to do so by the court.

_____
NATASHA HUNT


Respectfully submitted,

**FAIRMAX LAW, PLLC**

_____
David Ienna (P77170)
Attorney for Plaintiff
23400 Michigan Ave, Suite 110A
Dearborn, MI 48124
Dated: October 11, 2016          (313) 846-6400

4

STATE OF MICHIGAN
IN THE 3rd CIRCUIT COURT FOR THE COUNTY OF WAYNE

NATASHA HUNT,
An Individual,

        Plaintiff,

-v-

                                    Case No.: 16 -      -CZ
                                      Honorable

COMENITY BANK,
a Delaware Corporation,

              Defendant.

FAIRMAX LAW, PLLC
Michael Jaafar (P69782)
David Ienna (P77170)
Attorneys for Plaintiff
23400 Michigan Avenue, Suite 110A
Dearborn, MI 48124
(888) 324-7629

---

## DEMAND FOR JURY TRIAL

       PLEASE TAKE NOTE that Plaintiff, NATASHA HUNT, hereby respectfully demands a

trial by jury in this action.

                        Respectfully submitted,

                        FAIRMAX LAW, PLLC

                        David Ienna (P77170)
                        Attorney for Plaintiff
                        23400 Michigan Ave, Suite 110A
                        Dearborn, MI 48124
Dated: October 11, 2016        (888) 324-7629

5